THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: July 5, 2018



G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In the matter:

Abdel Aziz Al Ali,             Case No. 18-25548-gmh

    Debtor.                                     Chapter 7

## DECISION

Abdel Aziz Al Ali filed this chapter 7 case because he is unable to pay a judgment that was entered against him after he failed to contest a Winnebago County Circuit Court civil action alleging damages arising from a motor vehicle accident. Mr. Ali reports that he failed to appear in the Winnebago County Circuit Court case because he did not know about the case and he did not understand the paperwork the police provided to him at the scene of the motor vehicle accident. He contends that the car accident was not his fault. He is at risk of losing his driver's license because he lacks the funds to pay the almost $12,000 judgment.

Mr. Ali is a refugee from Syria. He arrived in the United States in 2016 and has lived in Oshkosh, Wisconsin, since that time. He does not speak English very well. Mr. Ali filed an

affidavit that was created with the assistance of his attorney and an Arabic-English interpreter. CM-ECF Doc. No. 9-1.

I

On June 26, 2018, Mr. Ali, through counsel, filed an application to have the filing fee waived, along with an affidavit and a memorandum of law in support of Mr. Ali's fee-waiver application. Mr. Ali asserts that his financial circumstances have changed for the worse since he filed this case. He can no longer pay the filing fee in instalments, as he originally proposed. He asks the court to waive the fee under 28 U.S.C. §1930(f)(1).

A

Under 28 U.S.C. §1930(f)(1), a "bankruptcy court may waive the filing fee in a case under chapter 7 . . . for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved **and** is unable to pay that fee in installments." 28 U.S.C. §1930(f)(1) (emphasis added). Under the statute's plain text, even if a debtor meets the income requirement and shows an inability to pay in installments, the court must decide whether the case is an appropriate one to waive the fee because "the decision to waive the fee is discretionary". *In re Williams*, Case No. 13-22403, 2013 WL 1683659, at *2 (Bankr. E.D. Wis. April 17, 2013); 28 U.S.C. §1930(f)(1) ([t]he bankruptcy court **may** waive the filing fee . . .") (emphasis added).

There are costs to the bankruptcy system when the court waives the filing fee. One significant cost is that if the court waives the filing fee in a case in which the debtor has no non-

exempt assets for the trustee to administer, the chapter 7 trustee will receive no compensation for administering the case. This "creates a substantial disincentive to serve as a trustee, threatening the ability of the bankruptcy court to provide chapter 7 debtors with the discharges that they seek." *In re Williams*, 2013 WL 1683659, at *2. This cost to the trustee, and potentially to the bankruptcy system as whole, "strongly supports only allowing a waiver when a debtor demonstrates that a discharge will bestow a benefit beyond simply affording relief from the usual collection efforts." *Id.* The court typically reserves waiving the fee to those debtors who "show they face special circumstances establishing that a bankruptcy discharge will afford them out-of-the-ordinary benefits." *Id.*

Ordinarily the debtor's need to demonstrate that he is unable to pay in installments and faces special circumstances requires a hearing. This is a rare case, however. Mr. Ali has been ably represented by pro bono counsel arranged through the Volunteer Lawyers Project. Mr. Ali has submitted a declaration that gives a detailed explanation of his financial difficulties. He testifies that since filing his bankruptcy case, his employer has reduced his work hours. He and his family are Syrian immigrants. He has two children and has found learning English difficult. He lacks the resources and the command of the English language to make a belated contest of the default judgment a fruitful course. Unless he can discharge the civil judgment, he will likely lose his driving privileges, which will have a further detrimental effect on his financial condition.

B

Mr. Ali has demonstrated that he meets the fee-waiver requirements.

His monthly income at filing was $2,429.50 including Foodshare. CM-ECF Doc. No. 1 at

27 & Doc. No. 9 at 1. Mr. Ali has a household of four, which includes himself, his spouse and two children. CM-ECF Doc. No. 9 at 1. One-hundred fifty percent of the income official poverty line is $3,137.50. See www.uscourts.gov/sites/default/files/poverty-guidelines.pdf. Mr. Ali's income is below §1930(f)(1)'s applicable poverty-line threshold.

Mr. Ali's affidavit details post-petition problems that substantially hinder his ability to pay the fee, even in monthly installments. CM-ECF Doc. No. 9-1. Mr. Ali explains that, due to his employer's recent decision to eliminate a shift, his ability to earn overtime pay will be reduced. *Id.* at 1-2. Mr. Ali's regular pay hours may be decreased in the future as well. *Id.* at 2. Mr. Ali has been looking for a new job, but because he does not speak English well, he has had difficulty securing new employment. *Id.* Mr. Ali's wife does not work outside of the home; she cares for the couple's young children. *Id.* Mr. Ali does not have funds on hand to pay the filing fee and his upcoming expenses for rent and vehicle repairs are likely to exceed his income for the next several months. *Id.* It is not clear when or whether Mr. Ali will receive a tax refund. *Id.* He is also unable to borrow the money to pay the fee. *Id.*

Based on Mr. Ali's submissions, the court is convinced that he satisfies the fee-waiver requirements of §1930(f)(1). Mr. Ali is below the income-standard, and his decrease in hours leaves him unable to pay the filing fee in instalments. Also, Mr. Ali faces special circumstances. He is an immigrant who has been learning English with difficulty. He is at risk of losing his driver's license for up to five years, if he cannot pay or invalidate the civil judgment entered against him. See Wis. Stat. §§344.25, 344.26(1)(a) ("any operating privilege or registration suspended or revoked under s. 344.25 shall remain suspended or revoked for 5 years from the date of entry of judgment or until the judgment is stayed, satisfied, or **discharged**, whichever is

earlier") (emphasis added).

II

For these reasons, the court will grant Mr. Ali's fee-waiver application in a separate order. The court commends Mr. Ali's counsel, Nicholas Hahn, for his able representation in this matter and the Volunteer Lawyers Project for arranging that counsel.

# # # # #